**Juan Agustin HUITZIL TEMOZIHUI; Juana Xicale Xicale, Petitioners,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–70532.

Agency Nos. A75–625–769, A75–610–699.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Juan Agustin Huitzil Temozihui, Los Angeles, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Juana Xicale Xicale, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Cindy S. Ferrier, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before T.G. NELSON, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM**

Juan Agustin Huitzil Temozihui and Juana Xicale Xicale, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reconsider the BIA's summary affirmance of an immigration judge's order denying their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review legal questions and constitutional issues de novo. *See Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003). We deny the petition for review in part, and dismiss it in part.

Petitioners contend that requiring them to prove exceptional and extremely unusual hardship to a qualifying relative for cancellation of removal, while exempting NACARA-eligible aliens from this requirement, violates their right to equal protection under the law. This contention is

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

foreclosed by *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) (new hardship standard promulgated under IIRIRA does not violate equal protection), and *Ram v. INS*, 243 F.3d 510, 517 (9th Cir.2001) (decision to favor aliens from specific war-torn countries must be upheld because it stems from rational diplomatic decision to encourage such aliens to remain in the United States).

To the extent petitioners contend that the agency erred in finding that they have not demonstrated the requisite "exceptional and extremely unusual hardship," we are without jurisdiction to review this discretionary determination. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.